Niall P. McCarthy (admitted *pro hac vice*)
nmccarthy@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Center
840 Malcom Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

EDWARD J. WYNNE, (admitted *pro hac vice*)
ewynne@wynnelawfirm.com
**WYNNE LAW FIRM**
80 E. Sir Francis Drake Blvd., Suite 3G
Wood Island
Larkspur, CA 94939
Telephone: (415) 461-6400
Facsimile: (415) 461-3900

Charles A. Jones, Esq., SBN 6698
Caj@cjoneslawfirm.com
**JONES LAW FIRM LLC**
18124 Wedge Parkway, #511
Reno, Nevada 89511
Telephone: (775) 853-6440
Facsimile: (775) 853-6445

*Attorneys for Plaintiffs and the proposed class*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| **MICHELLE RIGHETTI** on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**MGM RESORTS INTERNATIONAL,**<br><br>Defendants. | CASE NO. 2:23-cv-02064-APG-DJA<br><br>**MOTION TO CONSOLIDATE RELATED ACTIONS** |
| **EMILY KIRWAN,** *individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>**v.**<br><br>**MGM RESORTS INTERNATIONAL,**<br><br>Defendants. | CASE NO. 2:23-cv-01481-RFB-DJA |
| **TONYA OWENS,** *individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>**MGM RESORTS INTERNATIONAL,**<br><br>Defendants. | CASE NO. 2:23-cv-01480-RFB-MDC |

**MOTION TO CONSOLIDATE RELATED ACTIONS**

|   |   |
|---|---|
| **DAVID ZUSSMAN,** *individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>**VICI PROPERTIES L.P.,** a Delaware limited partnership**; VICI PROPERTIES 2 L.P.,** a Delaware limited partnership**; MGM RESORTS INTERNATIONAL,** a Delaware corporation; and **MGM GROWTH PROPERTOES OPERATING PARTNERSHIP L.P.** a Delaware limited liability company<br><br>Defendants. | CASE NO. 2:23-cv-01537-CDS-BNW |
| **DAVID LACKEY,** *individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>**MGM RESORTS INTERNATIONAL,**<br><br>Defendants. | CASE NO. 2:23-cv-01549-RFB-NJK |
| **MICHAEL PIRCIO,** *individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>**MGM RESORTS INTERNATIONAL,**<br><br>Defendants. | CASE NO. 2:23-cv-01550-CDS-NJK |
| **DAVID TEREZO,** *individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>**MGM RESORTS INTERNATIONAL,**<br><br>Defendants. | CASE NO. 2:23-cv-01577-RFB-MDC |
| **RONALD G. RUNDELL,** *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v. | CASE NO. 2:23-cv-01698-CDA-DJA |

**MOTION TO CONSOLIDATE RELATED ACTIONS**

| | |
|---|---|
| **MGM RESORTS INTERNATIONAL,** | |
| Defendants. | |
| **CHARLES BEZAK,** *individually and on behalf of all others similarly situated*, | CASE NO. 2:23-cv-01719-RFB-BNW |
| Plaintiff, | |
| **v.** | |
| **MGM RESORTS INTERNATIONAL,** | |
| Defendants. | |
| **PAUL ZARI,** *individually and on behalf of all others similarly situated*, | CASE NO. 2:23-cv-01777-CDS-BNW |
| Plaintiff, | |
| **v.** | |
| **MGM RESORTS INTERNATIONAL,** | |
| Defendants. | |
| **MICHAEL MANSON,** *individually and on behalf of all others similarly situated*, | CASE NO. 2:23-cv-01826-CDS-EJY |
| Plaintiff, | |
| **v.** | |
| **MGM RESORTS INTERNATIONAL,** | |
| Defendants. | |
| **LAURA WILLIS ALBRIGO and ANITA JOHNSON,** *individually and on behalf of all others similarly situated*, | CASE NO. 2:23-cv-01981-RFB-EJY |
| Plaintiff, | |
| **v.** | |
| **MGM RESORTS INTERNATIONAL,** | |
| Defendants. | |

**MOTION TO CONSOLIDATE RELATED ACTIONS**

| | |
|---|---|
| **KYLE SLOAN,** *individually and on behalf of all others similarly situated,* | CASE NO. 2:23-cv-02042-ART-BNW |
| Plaintiff, | |
| v. | |
| **VICI PROPERTIES INC. and MGM RESORTS INTERNATIONAL,** | |
| Defendants. | |
| **EDGAR MEJIA and DUJUN JOHNSON,** *individually and on behalf of all others similarly situated,* | CASE NO. 2:24-cv-00081-APG-DJA |
| Plaintiff, | |
| v. | |
| **MGM RESORTS INTERNATIONAL,** | |
| Defendants. | |

**MOTION TO CONSOLIDATE RELATED ACTIONS**

PLEASE TAKE NOTICE THAT pursuant to Federal Rule of Civil Procedure 42(a), District Court Nevada Local Rule 42-1(b), and for the reasons set forth herein, Plaintiff Michelle Righetti files this Motion to Consolidate Related Actions. Plaintiff will and hereby does move to consolidate the above-captioned action with all cases involving similar questions of fact and law that have been or subsequently will be filed. Fed. R. Civ. P. 42.[1] Pursuant to Local Rule 42-1(b), the Motion to Consolidate will be decided by the judge to whom the earliest-filed action is assigned.

Presently before this Court are fourteen related putative class actions arising out of a September 2023 data breach affecting Defendant MGM Resorts International's computer systems. Each of these actions involve the same defendant, set forth similar or identical proposed classes, raise virtually identical legal and factual issues, and seek the same or substantially similar relief. To achieve judicial efficiency and economy of resources, Plaintiff now moves for consolidation of these actions.[2]

## I. BACKGROUND

Defendant MGM Resorts International is a global gaming, hospitality, and entertainment company headquartered in Las Vegas, Nevada. Dkt. No. 1 (Class Action Complaint) ¶ 8. As alleged in Plaintiff's complaint, on or about September 11, 2023, an unauthorized third party carried out a data breach at Defendant's computer systems that resulted in the theft of Defendant's customers' personal identifiable information. *Id.* ¶ 1. The stolen information included name, contact information (such as phone number, email address, and postal address), gender, date of birth, and driver's license number. *Id.* For some of Defendant's customers, passport numbers were also stolen. *Id.*

Plaintiff filed a complaint against MGM on December 14, 2023 alleging claims for (1) Negligence; (2) Violations of the California Consumer Privacy Act (Cal. Civ. Code § 1798.150); (3) Violations of the Customer Records Act (Cal. Civ. Code § 1798.82); (4) Violations of the Unfair

---

[1] These cases include: *Owens v. MGM Resorts Int'l*, No. 2:23-cv-01480; *Kirwan v. MGM Resorts Int'l*, No. 2:23-cv-01481; *Zussman v. VICI Properties L.P., et al.*, No. 2:23-cv-01537; *Lackey v. MGM Resorts Int'l*, No. 2:23-cv-01549; *Pircio v. MGM Resorts Int'l*, No. 2:23-cv-01550; *Terezo v. MGM Resorts Int'l*, No. 2:23-cv-01577; *Rundell v. MGM Resorts Int'l*, No. 2:23-cv-01698; *Bezak v. MGM Resorts Int'l*, No. 2:23-cv-01719; *Albrigo v. MGM Resorts Int'l*, No. 2:23-cv-1981; *Zari v. MGM Resorts Int'l*, No. 2:23-cv-01777; *Manson v. MGM Resorts Int'l*, No. 2:23-cv-01826; *Mejia v. MGM Resorts Int'l, et al.*, No. 2:24-cv-00081; *Sloan v. Vici Properties, Inc., et al.*, No. 2:23-cv-02042.

[2] Plaintiff is also filing a Motion for Appointment of Interim Lead Counsel to further enhance efficiency in representing the class of individuals affected by the September 2023 data breach.

Competition Law (Cal. Bus. & Prof Code § 17200, *et seq.*); and (5) Declaratory Relief.  Plaintiff brings this action on behalf of herself and two proposed classes:

> <u>Nationwide Class</u>: All of Defendant's customers nation-wide whose PII was accessed or otherwise compromised in the Data Breach that, according to Defendant, occurred in or about September 11, 2023, and shall include all such Defendant customers whose PII was accessed, stolen, downloaded, exfiltrated or otherwise compromised on or about that date and up to and including the date that notice is given to the class.  *Id.* ¶ 17(a).
>
> <u>California Sub-Class</u>: All of Defendant's customers who reside in California whose PII was accessed or otherwise compromised in the Data Breach that, according to Defendant, occurred in or about September 11, 2023, and shall include all such Defendant customers whose PII was accessed, stolen, downloaded, exfiltrated or otherwise compromised on or about that date and up to and including the date that notice is given to the class.  *Id.* ¶ 17(b).

Numerous other class actions have been filed in this district arising out of the same September 2023 data breach.  *See Owens v. MGM Resorts Int'l*, No. 2:23-cv-01480; *Kirwan v. MGM Resorts Int'l*, No. 2:23-cv-01481; *Zussman v. VICI Properties L.P., et al.*, No. 2:23-cv-01537; *Lackey v. MGM Resorts Int'l*, No. 2:23-cv-01549; *Pircio v. MGM Resorts Int'l*, No. 2:23-cv-01550; *Terezo v. MGM Resorts Int'l*, No. 2:23-cv-01577; *Rundell v. MGM Resorts Int'l*, No. 2:23-cv-01698; *Bezak v. MGM Resorts Int'l*, No. 2:23-cv-01719; *Albrigo v. MGM Resorts Int'l*, No. 2:23-cv-1981; *Zari v. MGM Resorts Int'l*, No. 2:23-cv-01777; *Manson v. MGM Resorts Int'l*, No. 2:23-cv-01826; *Mejia v. MGM Resorts Int'l, et al.*, No. 2:24-cv-00081; *Sloan v. Vici Properties, Inc., et al.*, No. 2:23-cv-02042.  These actions allege similar common law causes of action and various state statutory claims.  Moreover, the proposed classes in these actions substantially overlap with Plaintiff's proposed classes set forth above, as illustrated in the following table.

| Case Name | Claims | Proposed Class |
|---|---|---|
| *Kirwan* | • Negligence and Negligence Per Se<br>• Breach of Implied Contract<br>• Unjust Enrichment | "All individuals in the United States whose PII was disclosed in the Data Breach[.]" |
| *Owens* | • Negligence and Negligence Per Se<br>• Breach of Implied Contract<br>• Unjust Enrichment | "All individuals in the United States whose PII was disclosed in the Data Breach." |

| | | |
|---|---|---|
| *Zussman* | • Outrageous Conduct<br>• Breach of Implied Contract<br>• Negligence<br>• Invasion of Privacy by Public Disclosure of Private Facts<br>• Breach of Fiduciary Duty of Confidentiality<br>• Negligent Training and Supervision<br>• Breach of Covenant of Good Faith and Fair Dealing<br>• Declaratory and Injunctive Relief | "All persons residing in the United States who are current or former customers of MGM or any MGM affiliate, parent, or subsidiary, and had their PII compromised by an unknown third-party cybercriminal as a result of the Data Breach."[1] |
| *Lackey* | • Negligence<br>• Negligent Misrepresentation<br>• Breach of Implied Contract<br>• Unjust Enrichment<br>• Violation of the Nevada Consumer Fraud Act<br>• Virginia Data Breach Notification Law<br>• Maryland Consumer Protection Act MD Code Commercial Law Section 13-301 | "All persons residing in the United States whose PII was acquired by cybercriminals in the MGM Data Breach." |
| *Pircio* | • Negligence<br>• Breach of Implied Contract<br>• Breach of Implied Covenant of Good Faith and Fair Dealing | "All individuals within the United States of America whose PII was exposed to unauthorized third-parties as a result of the data breach experienced by Defendant on September 7, 2023." |
| *Terezo* | • Negligence and Negligence Per Se<br>• Breach of Implied Contract<br>• Unjust Enrichment | "All individuals in the United States whose PII was disclosed in the Data Breach[.]" |
| *Rundell* | • Negligence<br>• Negligence Per Se<br>• Breach of Implied Contract<br>• Unjust Enrichment<br>• Breach of Confidence | "All individuals residing in the United States whose personal identifiable information was compromised as a result of the Data Breach." |

---

[1] The *Zussman* complaint also proposes a "Texas Subclass" consisting of "All persons residing in the State of Texas who are current or former customers of MGM or any MGM affiliate, parent, or subsidiary, and had their PII compromised by an unknown third-party cybercriminal as a result of the Data Breach."

**MOTION TO CONSOLIDATE RELATED ACTIONS** 3

| | | |
|---|---|---|
| *Bezak* | • Negligence<br>• Breach of Implied Contract<br>• Unjust Enrichment<br>• Violation of the Nevada Consumer Fraud Act<br>• Declaratory Judgment | "All individuals in the United States whose PII was compromised in the MGM Data Breach which occurred on or September 11, 2023[.]" |
| *Zari* | • Negligence<br>• Negligence Per Se<br>• Breach of Implied Contract<br>• Unjust Enrichment<br>• Breach of Confidence | "All individuals residing in the United States whose personal identifiable information was compromised as a result of the Data Breach." |
| *Manson* | • Negligence<br>• Negligence Per Se<br>• Breach of Implied Contract<br>• Declaratory Judgment | "All individuals whose PII was compromised in the data breach beginning on or around September 11, 2023." |
| *Albrigo* | • Negligence and Negligence Per Se<br>• Breach of Implied Contract<br>• Restitution or Unjust Enrichment<br>• California Customer Records Act<br>• California Unfair Competition Act | "All Individuals whose PII was disclosed in the Data Breach[.]" |
| *Sloan* | • Negligence<br>• Invasion of Privacy<br>• Breach of Implied Contract<br>• Breach of Fiduciary Duty<br>• Unjust Enrichment<br>• Bailment | "All persons whose PII was maintained on MGM's servers that were compromised in the Data Breach." |
| *Mejia* | • Negligence<br>• Invasion of Privacy by Public Disclosure of Private Facts and Intrusion Upon Seclusion<br>• Breach of Contract<br>• Breach of Implied Contract | "All people in the United States whose PII, including, but not limited to, names, driver's license numbers, dates of birth, and social security numbers, was obtained by an unauthorized individual or individuals from Defendant during the Data Breach on or around September 11, 2023." |

## II.  ARGUMENT

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper where actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). "The purpose of consolidation is not only to enhance efficiency of the trial court by avoiding unnecessary duplication of evidence and procedures, but also to avoid inconsistent adjudications." *Chacanaca v. Quaker Oats Co.*, No. C 10-0502 RS, 2011 WL 13141425, at *2 (N.D. Cal. June 14, 2011) (internal quotation marks and citation omitted). A "district court has broad discretion to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). In exercising its broad discretion to consolidate actions under Rule 42(a), a court "weighs the saving the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

Here, there can be no dispute that the fourteen related actions before the Court present a multitude of common questions of law and fact. All of the related actions are brought against MGM arising out of a September 2023 data breach, on behalf of substantially the same proposed class. All of the related actions seek to remedy MGM's alleged failure to take reasonable steps to protect the data of the named plaintiff and putative class members. All of the related actions assert claims of negligence, among other common law claims which substantially overlap as between the various related actions.

Moreover, consolidation will significantly conserve judicial and party resources, while generating no (or at most *de minimis*) inconvenience, delay, or expense. Plaintiff seeks to consolidate these cases at the outset of litigation. All of these cases were only recently filed, and MGM has not yet responded to any of them. A consolidated complaint will establish a single, uniform definitions for the class or classes, streamline the issues related to MGM's September 2023 data breach, and eliminate the confusion and delay that may result from prosecuting related class action cases separately. Consolidation will also conserve judicial and party resources and expedite resolution of this matter by avoiding duplicative class certification proceedings, discovery disputes, dispositive motions, and trial proceedings. *See, e.g.*, *Chacanaca*, 2011 WL 13141425, at *2 (granting consolidation of consumer class actions).

For all these reasons, all putative class actions already before this Court relating to the September 2023 MGM data breach, including those identified above, as well as any additional related cases that may be subsequently filed or transferred to this Court, should be consolidated.

Dated: March 13, 2024                                Respectfully submitted,


*/s/ Niall P. McCarthy*
Niall P. McCarthy (admitted *pro hac vice*)
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Center
840 Malcom Road, Suite 200
Burlingame, CA 94010
Tel: (650) 697-6000
Fax: (650) 697-0577
nmccarthy@cpmlegal.com

EDWARD J. WYNNE, (admitted *pro hac vice*)
ewynne@wynnelawfirm.com
**WYNNE LAW FIRM**
80 E. Sir Francis Drake Blvd., Suite 3G
Wood Island
Larkspur, CA 94939
Telephone: (415) 461-6400
Facsimile: (415) 461-3900

Charles A. Jones, Esq., SBN 6698
Caj@cjoneslawfirm.com
**JONES LAW FIRM LLC**
18124 Wedge Parkway, #511
Reno, Nevada 89511
Telephone: (775) 853-6440
Facsimile: (775) 853-6445

*Attorneys for Plaintiffs and the proposed class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically transmit said document by electronic mail to those ECF registered parties listed on the Notice of Electronic Filing (NEF).

*/s/ Niall P. McCarthy*
Niall P. McCarthy